SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY<br><br>                              Plaintiff,<br><br>-against-<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA and THE HARTFORD UNDERWRITERS INSURANCE COMPANY<br>                              Defendant. | Index No.:<br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an Answer to the Complaint in this action, within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) after service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York.  In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

      Plaintiff designates Queens County as the place of trial.

      The basis of venue is that the Plaintiff in the underlying action (*Nfn Daiowraj v. 28-25 Borden Ave. Corp.* in the Supreme Court of the State of New York, Queens County, Index No. 703197/2017) resides in the County of Queens, State of New York.

Dated:

USERY & ASSOCIATES

By: /s/Michael E. Buckley
Michael E. Buckley
*Attorneys for Plaintiff The Phoenix Indemnity Company*
Direct: 917.778.6411
Fax: 844.571.3789
Email: mbuckle4@Phoenix.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY

                                Plaintiff,

        -against-

THE INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA and THE HARTFORD
UNDERWRITERS INSURANCE COMPANY

                                Defendant.
-------------------------------------------------------------------X

Case No.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, The Phoenix Insurance Company (Phoenix"), by and through its undersigned counsel, as and for its Complaint against Defendants The Insurance Company of the State of Pennsylvania ("ICSOP") and The Hartford Underwriters Insurance Company ("Hartford"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Phoenix is providing a defense to 28-25 Borden Avenue Corporation ("28-25 Borden") in a lawsuit entitled *Nfn Daiowraj v. 28-25 Borden Ave. Corp.* in the Supreme Court of the State of New York, Queens County, Index No. 703197/2017 (the "Underlying Action").

2. In the instant action, Phoenix seeks a declaration that ICSOP and Hartford are obligated to defend and indemnify 28-25 Borden in the Underlying Action as an additional insured under the policies of insurance issued by ISCOP to Clear Channel Outdoor ("Clear Channel") and by Hartford to VeriFone Systems, Inc. ("VeriFone") on a primary, non-contributory basis, and that Phoenix is entitled to judgment for all defense and indemnity costs incurred on behalf of 28-25 Borden in the Underlying Action.

**PARTIES**

3. At all times relevant hereto, Phoenix was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, ICSOP is an Illinois corporation, with a principal place of business in New York, New York.

5. Upon information and belief, at all times relevant hereto, Hartford is a Connecticut corporation, with a principal place of business in Hartford, Connecticut.

**JURISDICTION AND VENUE**

6. The venue of this action in New York State Supreme Court, Queens County is proper pursuant to CPLR § 503(a), since Queens County is where a substantial part of the events or omissions giving rise to the claim occurred.

7. This Court has jurisdiction over this claim as this complaint seeks declaratory relief pursuant to CPLR § 3001.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policies issued by ICSOP and Hartford.

9. Phoenix has no adequate remedy at law.

**THE RELEVANT POLICIES**

10. ICSOP issued a general liability policy to Clear Channel bearing policy number GL 681-94-13 for the policy period November 1, 2013 to November 1, 2014 (the "ICSOP Policy").

11. Subject to certain terms, conditions and exclusions, the ICSOP Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. The ICSOP Policy contains the following additional insured endorsement:

**ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY PART

\*\*\*

2. Name of Person or Organization (Additional Insured):

**ANY PERSON OR ORGANIZATION CONTRACTUALLY REQURING STATUS AS AN ADDITIONAL INSURED.**

3. Additional Premium: **INCLUDED**

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement).

WHO IS AN INSURED (Section **II**) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

13. The ICSOP Policy contains the following Other Insurance provision (form CG 00 01 12 07):

    **4. Other Insurance**

    If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

    **a. Primary Insurance**

    This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

14. By endorsement (Endorsement 74434 (10/99)), the ICSOP Policy further provides as follows with respect to available additional insured coverage:

> **ADDITIONAL INSURED – PRIMARY INSURANCE**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> **Section IV, Commercial General Liability Conditions, paragraph 4, Other Insurance, subparagraph a. Primary Insurance**, is amended by the addition of the following:
>
> However, coverage under this policy afforded to an additional insured will apply as primary insurance where required by contract, and any other insurance issued to such additional insured shall apply as excess and noncontributory insurance.

15. Hartford issued a general liability policy to VeriFone bearing policy number 57 UEN PC6433 K2 for the policy period August 1, 2013 to August 1, 2014 (the "Hartford Policy").

16. Subject to certain terms, conditions and exclusions, the Hartford Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

17. The Hartford Policy contains the following additional insured provision within Section II – Who Is An Insured (CGL form HG 00 01 06 05):

> **6.    Additional Insureds When Required By Written Contract, Written Agreement Or Permit**
>
> The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.
>
> A person or organization is an additional insured under this provision only for that period of time required by the contract or agreement.
>
> However, no such person or organization is an insured under this provision if such person or organization is included as an insured by an endorsement issued by us and made a part of this Coverage Part.

18. The Hartford Policy's additional insured provisions also include the following language:

> **c. Lessors of Land or Premises**
>
> Any person or organization from whom you lease land or premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to you.
>
> With respect to the insurance afforded these additional insureds the following additional exclusions apply.
>
> This insurance does not apply to:
>
> **1.** Any "occurrence" which takes place after you cease to lease that land; or
>
> **2.** Structural alterations, new construction or demolition operations performed by or on behalf of such person or organization.

19. The Other Insurance portion of the Hartford Policy (also included in CGL form HG 00 01 06 05) provides, in pertinent part, as follows:

> **4. Other Insurance**
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
>
> **a. Primary Insurance**
>
> This insurance is primary except when b. below applies. If other insurance is also primary, we will share with all that other insurance by the method described in **c.** below.
>
> **b. Excess Insurance**
>
> This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:
>
> \*\*\*
> **(7) When You Add Others As An Additional Insured To This Insurance**
>
> Any other insurance available to an additional insured.

> However, the following provisions apply to other insurance available to any person or organization who is an additional insured under this coverage part.
>
> **(a) Primary Insurance When Required By Contract**
>
> This insurance is primary if you have agreed in a written contract or written agreement that this insurance be primary. If other insurance is also primary, we will share with all that other insurance by the method described in **c.** below.
>
> **(b) Primary And Non-Contributory To Other Insurance When Required By Contract**
>
> If you have agreed in a written contract, written agreement, or permit that this insurance is primary and non-contributory with the additional insured's own insurance, this insurance is primary and we will not seek contribution from that other insurance.
>
> Paragraphs **(a)** and **(b)** do not apply to other insurance to which the additional insured has been added as an additional insured.

20. Phoenix issued a commercial general liability Policy to 28-25 Borden bearing policy number 680-5534A288-13 for the policy period April 13, 2013 to April 13, 2014 (the "Phoenix Policy")

21. Subject to certain terms, conditions and exclusions, the Phoenix Policy generally provides for bodily injury that takes place during the policy period and is caused by an accident.

22. The Phoenix Policy contains excess "other insurance" provisions which provide that coverage under the Phoenix Policy is excess over any other coverage available where the Named Insured was added as an additional insured.

## BACKGROUND FACTS

23. In the Underlying Action, Nfn Daiowraj ("Claimant") alleges he tripped and fell on March 8, 2014 when Claimant stepped into a defective concrete condition in the interior of the garage area at 28-25 Borden Avenue in Long Island City, New York (the "Premises"), allegedly suffering serious and permanent injuries.

24. Phoenix insured 28-25 Borden as the landlord of the Premises, which entered into a July 6, 2005 third lease extension agreement under which Clear Channel was identified as the successor in interest to the prior lessee of the Premises ("Master Lease").

25. Under the terms of the Master Lease, Clear Channel was required to maintain comprehensive general liability insurance in favor of 28-25 Borden as lessor and further provides the subject policy must cover bodily injury "arising out of or based upon any accident, injury, or damage or death, which shall or may happen in, on, or about the demised premises, the sidewalks, driveway in front thereof."

26. Under the 2010 sublease of the Premises, VeriFone agreed to be subject to "all of the provisions, terms, covenants and conditions of the Master Lease", with VeriFone to "abide by all the terms and conditions of the Master Lease … as though Sub-tenant were the tenant thereunder."

27. Phoenix is defending 28-25 Borden in connection with the Underlying Action.

28. In the Underlying Action, Claimant seeks to impose liability on 28-25 Borden for alleged bodily injury which arose out of the maintenance and use of the Premises

## TENDER TO ICSOP

29. By correspondence dated July 6, 2023, Phoenix tendered the defense and indemnification of 28-25 Borden with respect to the Underlying Action to ICSOP.

30. ICSOP, in its own right or through Clear Channel, has failed to accept Phoenix's tender of the defense and indemnification of 28-25 Borden with respect to the Underlying Action.

## TENDER TO HARTFORD

31. By correspondence dated June 30, 2023, Phoenix tendered the defense and indemnification of 28-25 Borden with respect to the Underlying Action to Hartford.

32. Hartford, in its own right or through VeriFone, has failed to accept Phoenix's tender of the defense and indemnity of 28-25 Borden with respect to the Underlying Action.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

33. Phoenix repeats, realleges and incorporates each and every allegation contained in paragraphs "1" through "32" above as if fully set forth herein.

34. 28-25 Borden qualifies as an additional insured under the ICSOP Policy and the Hartford Policy with respect to the Underlying Action.

35. The coverages provided to Clear Channel under the ICSOP Policy and VeriFone under the Hartford Policy are primary to, and non-contributory with, any coverage provided by the Phoenix Policy with respect to the Underlying Action.

36. Accordingly, Phoenix seeks a declaration that ICSOP and Hartford have an obligation to defend and indemnify 28-25 Borden in the Underlying Action as an additional insured under the ICSOP Policy and the Hartford Policy; that the coverages provided by the ICSOP Policy and the Hartford Policy to 28-25 Borden are primary; and that the obligations of Phoenix to 28-25 Borden are excess to proper exhaustion and full payment of the limits of the ICSOP Policy and the Hartford Policy.

37. In addition, Phoenix seeks an award at law and in equity against ICSOP and Hartford for recovery of all sums Phoenix has paid and continues to pay in the defense of 28-25 Borden in the Underlying Action because the coverages provided by the ICSOP Policy and the Hartford Policy are primary to any coverage provided by Phoenix.

## PRAYER FOR DECLARATORY RELIEF

WHEREFORE, Plaintiff Phoenix respectfully requests that this Court issue judgment as follows:

1. Declaring that the ICSOP Policy and the Hartford Policy were in full force and effect on the date of the injury alleged by Claimant in the Underlying Action;

2. Declaring that all terms and conditions of the ICSOP Policy and the Hartford Policy have been met;

3. Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded by the ICSOP Policy and the Hartford Policy;

4. Declaring that Defendants ICSOP and Hartford owe a duty to defend 28-25 Borden in connection with the Underlying Action

5. Declaring that Defendants ICSOP and Hartford owe a duty to indemnify 28-25 Borden in connection with the Underlying Action;

6. Declaring that Defendants ICSOP and Hartford's coverage obligations to 28-25 Borden with respect to the Underlying Action are primary;

7. Declaring that Plaintiff Phoenix's coverage obligations under the Phoenix Policy toward 28-25 Borden with respect to the Underlying Action are excess to those of Defendants ICSOP and Hartford;

8. Declaring that an actual controversy exists between Plaintiff Phoenix and Defendants ICSOP and Hartford with respect to ICSOP's and Hartford's duty to defend and indemnify 28-25 Borden in connection with the Underlying Action;

9. Awarding judgment against ICSOP and Hartford in an amount equal to the sums that Phoenix incurred and continues to incur in defending the claims against 28-25 Borden in the Underlying Action;

10. Granting an award in favor of Phoenix for the costs of suit incurred herein; and

11. Granting Phoenix a compulsive order/injunctive relief requiring ICSOP and Hartford to assume and pay for 28-25 Borden's defense in the Underlying Action, with this order deemed enforceable by a future contempt order.

12. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        February   2025

USERY & ASSOCIATES

By: /s/ Michael E. Buckley
Michael E. Buckley
*Counsel for Plaintiff The Phoenix Insurance Company*
Direct: 917.778.6411
Fax: 844.571.3789
Email: mbuckle4@Phoenix.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996


<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York NY 10017
